IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 20-221 |
| JORDAN COYNE | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Jonathan D. Lusty, Assistant United States Attorney for said District, and respectfully submits this Sentencing Memorandum to the Court:

## I. INTRODUCTION

On March 2, 2022, the defendant entered a plea of guilty to the one-count Indictment in this case, admitting to obstruction of law enforcement during a civil disorder. The Court has scheduled sentencing in this matter for November 1, 2022. In advance of the sentencing hearing, the United States submits this Memorandum, requesting that the Court accept the plea agreement of 18 months of incarceration followed by 3 years of supervised release. While the United States agrees with the Guidelines calculation of 27 to 33 months, the agreed-upon sentence was reached in consideration of sentences given to other defendants involved in similar criminal activity and the potential for prolonged sentencing litigation. For the reasons set forth below, the United States submits that the sentence is an appropriate and reasonable sentence in this case.

## II. THE SENTENCING GUIDELINES

The United States Supreme Court has instructed that "district courts *must* begin their [sentencing] analysis with the Guidelines and remain cognizant of them throughout the sentencing

1

process." *Peugh v. United States*, 569 U.S. 530, 541 (2013) (quoting *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007)). Sentencing decisions are to be "anchored by the Guidelines," and appellate courts may presume that guideline sentences are reasonable. *Peugh*, 569 U.S. at 541. When considering a sentence outside of the Guideline range, the Court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (citing *Gall*, 552 U.S. at 50) (emphasis added). "For even though the Guidelines are advisory rather than mandatory, they are . . . the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 552 U.S. at 46 (citing *Rita v. United States*, 551 U.S. 338, 349 (2007)).

### III. SECTION 3553 FACTORS

The factors cited under Title 18, United States Code, Section 3553(a) support the United States' recommended sentence in this case.

**(1) 18 U.S.C. § 3553(a)(1) – The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

**a. The Nature and Circumstances of the Offense**

The defendant's conduct in this case is quite serious. During rioting in downtown Pittsburgh on May 30, 2020, the defendant threw multiple objects towards uniformed Pittsburgh Bureau of Police officers, including rocks, bricks, pieces of concrete, and a tear gas canister. The canister struck an officer in the hand, causing the officer's thumb to bleed and swell. The defendant's actions served to escalate an already volatile situation.

**b. History and Characteristics of the Defendant**

The defendant's only prior conviction is for a summary disorderly conduct (PSIR ¶ 33). Balancing the serious nature of the defendant's conduct and his lack of criminal history, a sentence of 18 months of incarceration is appropriate in this case.

**(2) 18 U.S.C. § 3553(a)(2)(A) – The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment for the Offense**

Imposition of a sentence of 18 months of incarceration is necessary in this case to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The defendant's actions of attacking police officers who were attempting to quell a large mob are particularly egregious, and a sentence of incarceration is necessary to demonstrate the seriousness of the offense.

**(3) 18 U.S.C. § 3553(a)(2)(B) & (C) – The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes of the Defendant**

Imposition the agreed-upon sentence will address both general and specific deterrence. A sentence within the Guidelines range should deter others from engaging in conduct similar to the defendant's conduct. As to specific deterrence, the government respectfully submits that a sentence within the Guidelines range will deter the defendant from engaging in future criminal conduct.

Regarding general deterrence, the government commonly creates press releases detailing the sentences that are pronounced in the Western District of Pennsylvania. In this way, the internet and media outlets are able to make the general public aware of the sentences imposed in federal court. The expectation is that other individuals will thereby also be deterred from committing crimes similar to those committed by the defendant.

**(4) 18 U.S.C. § 3553(a)(3), (4) – The Kinds of Sentence and the Sentencing Range Established by the Guidelines**

The Presentence Report and this Court's Tentative Findings accurately state the kinds of sentence that are available and the applicable Guidelines range, and the United States submits that a term of 18 months of incarceration is appropriate.

**(5) 18 U.S.C. § 3553(a)(5) – Any Pertinent Policy Statement**

The United States is not aware of any policy statement that would call for a non-Guidelines sentence.

**(6) 18 U.S.C. § 3553(a)(6) – The Need to Avoid Unwarranted Sentence Disparities**

Imposing a sentence of 18 months of incarceration would fulfill the goal of avoiding unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. As set forth in the PSIR, this Court has already sentenced multiple individuals convicted of obstruction of law enforcement during a civil disorder for criminal acts committed during the rioting on May 30, 2020. Three individuals received sentences less than 18 months – Brian Bartels, Raekwon Blankenship, and George Allen. Bartels damaged an unoccupied vehicle and was sentenced to one day of incarceration and 180 days at a halfway house. Blankenship damaged an occupied vehicle, but caused no injuries to officers, and was sentenced to time served for approximately four months of incarceration. Allen damaged an occupied vehicle and bruised an officer's arm, and he was sentenced to 12 months and one day of incarceration.

Nicholas Lucia and Andrew Augustyniak-Duncan received more severe penalties than the 18-month sentence the parties have agreed to for the defendant. Lucia threw an explosive at several officers, and one officer suffered a concussion. He was sentenced to 24 months of incarceration. Lucia threw multiple bricks at officers, striking multiple officers, who suffered concussions as a result. Lucia also has a more extensive criminal history than the other individuals, and he was sentenced to41 months of incarceration.

In considering the defendant's lack of criminal history and his conduct relative to the criminal history and conduct of the other defendants, a sentence of 18 months of incarceration is appropriate.

**(7) 18 U.S.C. § 3553(a)(7) – The Need to Provide Restitution to any Victims of the Offense**

Restitution is not applicable in this case.

## IV. CONCLUSION

WHEREFORE, for all of the foregoing reasons, the United States respectfully requests that this Court accept the plea agreement and sentence the defendant to 18 months of incarceration followed by three years of supervised release.

Respectfully submitted,

CINDY K. CHUNG
United States Attorney

*/s/ Jonathan D. Lusty*
JONATHAN D. LUSTY
Assistant U.S. Attorney
U.S. Attorney's Office
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
(412) 894-7367
Jonathan.Lusty@usdoj.gov
PA ID No. 311180